[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11782

_____

MARBELLA AT SPANISH WELLS 1 CONDOMINIUM
ASSOCIATION, INC.,

Plaintiff-Appellee,

*versus*

EMPIRE INDEMNITY INSURANCE COMPANY,

Defendant-Appellant,

ZURICH AMERICAN INSURANCE COMPANY,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cv-00641-SPC-MRM

_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and HULL, Circuit Judges.

PER CURIAM:

On our own motion, we vacate our prior opinion, and substitute it with the following opinion. Empire Indemnity Insurance Company's motion for panel rehearing is denied as moot.

Empire appeals the district court's order granting Marbella at Spanish Wells 1 Condominium Association, Inc.'s motion to compel appraisal of damage to its buildings caused by Hurricane Irma. This appeal presents the same jurisdictional issue as *Positano Place at Naples I Condominium Association, Inc. v. Empire Indemnity Insurance Co.*, --- F.4th ----, No. 22-11059, 2023 WL 6937601 (11th Cir. Oct. 20, 2023). Like in *Positano*, we dismiss Empire's appeal for lack of jurisdiction.

★    ★    ★

Marbella is a condominium association in Bonita Springs, Florida. Empire issued Marbella a property damage insurance policy covering sixteen buildings. The policy contained an appraisal provision identical to the policy provision in *Positano*. Under the provision, if Empire and Marbella "[d]isagree[d] on the value of the

property or the amount of [a] loss, either [could] request an appraisal of the loss, in writing."

Marbella's buildings were damaged during Hurricane Irma, and, in January 2021, the association executed a sworn proof of loss asserting over $4 million in actual cash value damage, including over half a million dollars for a "supplemental claim." After its inspector found only about $1,500 in roof damage—an amount below Marbella's deductible—Empire, according to Marbella, "refused to admit coverage and pay all insurance proceeds due and owing for the loss." So, in June 2021, Marbella sued for breach of contract. When mediation failed, Marbella demanded appraisal in July 2021.

Empire removed the action to federal court, then answered, asserting four policy-provision defenses, failure to mitigate, and a statute-of-limitations defense to Marbella's supplemental claim. Marbella moved to compel appraisal (and for a stay pending appraisal), arguing that Empire didn't wholly deny coverage and so it was bound to submit the amount-of-loss question for appraisal. Empire opposed appraisal as improper absent summary judgment or injunctive relief; it also argued that the scope of appraisal should exclude the untimely supplemental claim.

The magistrate judge recommended granting Marbella's motion. The magistrate judge concluded that Marbella didn't need to plead and prove entitlement to injunctive relief—or move for summary judgment—because appraisal isn't remedial and wouldn't dispose of any claims or defenses on the merits. The

magistrate judge also concluded that appraisal should include Marbella's supplemental claim, because the claim likely was timely and because Empire could litigate its affirmative defense after appraisal. Finally, the magistrate judge recommended staying the action because "appraisal may resolve a majority, if not all, of the parties' dispute."

Empire objected to the magistrate judge's report, but the district court overruled those objections, adopted the report, and ordered the parties to appraisal. The district court ruled that, like mediation, "the appraisal process is not remedial" but rather "one step in th[e] process" of Marbella obtaining a money judgment. Because appraisal wouldn't dispose of any claims or defenses—but instead "suppl[ied] an extra-judicial mechanism to calculate the amount of loss"—the district court declined to treat Marbella's motion as one for summary judgment. The district court concluded—based on its discretion to sequence appraisal before litigating defenses—that the supplemental claim should be included in the appraisal. Finally, the district court concluded that "a stay [wa]s appropriate as appraisal may resolve the parties' dispute," noting that otherwise "the stay [could] be lifted" post-appraisal because "the [district c]ourt contemplates post-appraisal proceedings" to litigate Empire's defenses. In the meantime, the district court ordered the parties to (1) file periodic joint reports on the status of appraisal, and (2) file a joint notice, once appraisal was completed, indicating "what issues, if any, remain for the [district c]ourt to resolve" and "how th[e] action should proceed."

Empire timely appealed the order compelling appraisal. In response to our jurisdictional question, Marbella argued that neither 28 U.S.C. section 1291 nor section 1292(a)(1) confers appellate jurisdiction and that the Federal Arbitration Act bars jurisdiction because an order compelling appraisal should be equated with an unappealable order compelling arbitration.

We construed Marbella's response as a motion to dismiss the appeal and now conclude that its motion is due to be granted in light of *Positano*. In *Positano*, we held that we lacked jurisdiction to hear Empire's appeal of the district court's order compelling appraisal. We concluded that the *Positano* order compelling appraisal (1) wasn't final, because "the district court explicitly contemplated further proceedings"; (2) wasn't immediately appealable under section 1292(a)(1), because the order neither "explicitly grant[ed] an injunction" nor had "some serious, perhaps irreparable, consequence" making it "effectively challengeable only by immediate appeal"; and, assuming appraisal was arbitration, (3) wasn't appealable under the Federal Arbitration Act, which expressly precludes immediate appeal of interlocutory orders compelling arbitration and staying the case. 2023 WL 6937601, at *4–11 (cleaned up). For the same reasons, we lack jurisdiction over the largely identical appraisal order in this case. Accordingly, we dismiss Empire's appeal for lack of appellate jurisdiction.

**APPEAL DISMISSED.**